[Cite as *Anderson v. Jack Casino, L.L.C.*, 2026-Ohio-3027.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

WILFRED ANDERSON,  :

    Plaintiff-Appellant,  :

                       No.  116059

    v.  :

JACK CLEVELAND CASINO LLC,  :
ET AL.,  :

    Defendants-Appellees.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  August 6, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No.  CV-25-111491

---

### *Appearances:*

Wilfred Anderson, *pro se.*

Randall M. Traub, *for appellee* The Lee Quigley Company.

Gallagher Sharp LLP, Tyler R. Speer, and Joseph Monroe II, *for appellee* Jack Cleveland Casino, LLC.

EMANUELLA D. GROVES, J.:

{¶ 1}  Plaintiff-appellant Wilfred Anderson ("Anderson"), a vexatious litigator acting pro se, appeals the trial court's granting of summary judgment in favor of defendants-appellees Jack Cleveland Casino, LLC ("Jack Cleveland") and

The Lee Quigley Company ("Lee Quigley") (collectively, "Defendants").[1]  Anderson

raises three assignments of error for this court's review.

### Assignment of Error No. 1

The trial court erred in granting summary judgment by improperly resolving a genuine issue of material fact regarding the "open and obvious" nature of the hazard.

### Assignment of Error No. 2

The trial court erred in granting summary judgment where "attendant circumstances" — including a large structural column and mandatory navigational maneuvers — rendered the hazard invisible until the moment of impact.

### Assignment of Error No. 3

The trial court erred by failing to apply an adverse inference against Defendants for the spoliation of the "full exposure period" video evidence.

Upon review, we affirm the trial court's decision.

## I.  Facts and Procedural History

{¶ 2}  In February 2025, Anderson filed a complaint against Defendants,

alleging that he suffered "moderate injuries due to Defendants' negligence" while on

the premises of Jack Cleveland in February 2023.  According to the complaint, Lee

Quigley was performing elevator maintenance as a contractor for Jack Cleveland at

---

[1] Following a 2014 civil suit unrelated to this case, the trial court declared Anderson a vexatious litigator pursuant to R.C. 2323.52.  As a result of that declaration, Anderson is prohibited from instituting legal proceedings without first obtaining leave from the court.  Anderson's status as a vexatious litigator remains in full force and effect.  *See In re Anderson*, 2017-Ohio-86 (8th Dist.), and *Anderson v. Jack Cleveland Casino LLC,* 2026-Ohio-837 (8th Dist.).  In the instant appeal, Anderson obtained leave to proceed pursuant to R.C. 2323.52(F)(2) in February 2026.

the time.  Anderson alleged that the Defendants breached their duty to maintain the premises and escalators and he suffered bodily injuries, pain, suffering, and emotional distress as a result.  The complaint did not provide any details regarding the February 2023 "incident"; however, Anderson claimed that "[t]he incident posed a serious threat to [his] life and well-being."

{¶ 3}  In response, Jack Cleveland filed a contested motion to dismiss, which was denied by the trial court, and Defendants filed answers asserting several affirmative defenses.  After the completion of fact discovery — which included Anderson's deposition — and the passing of expert-report deadlines, Defendants each filed motions for summary judgment.

{¶ 4}  Citing Anderson's deposition transcript, the Defendants explained in their separate motions that Anderson tripped over a five-gallon orange bucket — which he believed was placed on Jack Cleveland's floor by Lee Quigley workers — as he stepped off an escalator.  During his deposition, Anderson was shown video footage of the incident and admitted that "[t]here was nothing to prevent [him] from seeing the bucket if [he] looked down . . . ."  Anderson was also shown a guest incident report wherein he described the orange bucket as "exposed."  Anderson did not receive any medical treatment for his injuries and self-treated by applying an ice pack to his left knee.  Anderson described his "main complaint" as the incident's "threat to [his] life expectancy."

{¶ 5}  In its motion for summary judgment, Lee Quigley argued that Anderson's deposition testimony revealed that the orange bucket was undisputedly

an open and obvious condition that was not concealed. Lee Quigley further argued that there were no attendant circumstances to distract Anderson; rather, if he "had simply watched where he was walking, this incident never would have occurred." Finally, Lee Quigley asserted that there was no evidence implicating Lee Quigley or establishing that it owned the bucket, placed it on the ground, or owed Anderson a duty of care. Portions of Anderson's deposition transcript were attached as an exhibit to Lee Quigley's motion, and the complete transcript was filed contemporaneously.

{¶ 6} Jack Cleveland asserted similar arguments in its motion for summary judgment. First, Jack Cleveland argued that the "exposed orange bucket" was observable and an open and obvious hazard based on Anderson's deposition testimony. Next, Jack Cleveland claimed that there was no evidence that it created the hazard or had actual or constructive notice of the orange bucket. Jack Cleveland attached Anderson's deposition transcript and his guest incident report as exhibits to their motion.

{¶ 7} Anderson opposed the motions, arguing that summary judgment was inappropriate because genuine issues of material fact remained regarding the application of the open-and-obvious doctrine, the existence of attendant circumstances, and Defendants' notice and creation of the hazard. Anderson also claimed that Defendants willfully destroyed or concealed video evidence from the "full exposure period," which warranted an adverse inference against the moving

parties.[2]   Anderson did not cite any caselaw, point to any Civ.R. 56(C) evidentiary materials, or attach any exhibits in support of his brief in opposition.

{¶ 8} Defendants filed replies in support of their respective motions. Lee Quigley argued that Anderson filed his brief in opposition without any evidentiary support, failed to meet his reciprocal burden under Civ.R. 56, and merely restated the allegations contained in his complaint. Jack Cleveland emphasized that the orange bucket was objectively observable and Anderson did not identify any attendant circumstances that would defeat the open-and-obvious doctrine. Jack Cleveland further argued that Anderson did not provide any Civ.R. 56(C) evidence establishing the existence of attendant circumstances or that Jack Cleveland had actual or constructive notice of the hazard. Finally, Jack Cleveland argued that Anderson was not entitled to an adverse inference since it produced all available video footage and Anderson admitted that the exposed orange bucket was objectively observable.

{¶ 9} The trial court issued a journal entry granting Defendants' motions for summary judgment and entered judgments in favor of Defendants on Anderson's claims. Anderson filed a timely appeal.

---

[2] As noted in his brief in opposition, Anderson filed a motion to compel Defendants to produce the "full exposure period video," i.e., "footage from the bucket's placement until its removal." Jack Cleveland opposed the motion, countering that it produced all available video footage of the incident, complied with the requirements of Civ.R. 34, and did not possess or control any additional video footage from the date of Anderson's fall. The trial court denied Anderson's motion, finding that he had not demonstrated he was entitled to an order compelling discovery.

## II. Law and Analysis

{¶ 10} In each assignment of error, Anderson challenges the trial court's decision granting summary judgment in favor of Defendants.

{¶ 11} An appellate court reviews the grant or denial of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). In a de novo review, the appellate court affords no deference to the trial court's decision and independently reviews the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 2009-Ohio-2136, ¶ 12 (8th Dist.); *Smathers v. Glass*, 2022-Ohio-4595, ¶ 30.

{¶ 12} A party may seek affirmative relief by moving for summary judgment as to all or any part of a claim. Civ.R. 56(A). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Am. Dental Ctr. v. Wunderle*, 1993 Ohio App. LEXIS 4437, *4 (8th Dist. Sept. 16, 1993), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-324 (1986). Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and, construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Grafton* at 105. This court explained:

> "[T]he plain language of the summary judgment rule mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a

situation, there can be no 'genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of a non-moving party's case necessarily renders all other facts immaterial."

(Citations omitted.) *Corradi v. Soclof*, 1995 Ohio App. LEXIS 2162, *6 (8th Dist. May 25, 1995), quoting *Toensing v. MK-Ferguson Co.*, 76 Ohio App.3d 826, 830 (8th Dist. 1992), citing *Celotex Corp.* at 323-324.

{¶ 13} The party moving for summary judgment bears the burden of demonstrating that no genuine issues of material fact exist for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). The moving party has the initial responsibility of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. *Id.* To accomplish this, the movant must be able to point to Civ.R. 56(C) evidentiary materials, which include "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any[,]" for the court's consideration in rendering summary judgment. *Id.*; Civ.R. 56(C). "These evidentiary materials must show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Dresher* at 293.

{¶ 14} After the moving party's initial burden is satisfied, the nonmoving party "'may not rest upon the mere allegations or denials in the pleadings.'" *Id.*, quoting Civ.R. 56(E). Rather, the nonmoving party's reciprocal burden is triggered,

requiring it to set forth specific facts, by the means listed in Civ.R. 56(C), showing that there remains a genuine issue for trial. *Id.*

{¶ 15} In his five-page appellate brief, Anderson raises three assignments of error challenging the trial court's summary-judgment ruling. Anderson seemingly addresses both his first and second assignments of error in one subsection. Anderson argues that the trial court erred because "the hazard" — or orange bucket — "was not open and obvious due to . . . obstruction by [a] structural column." Anderson asserts that "[t]he bucket was never visible to [him] prior to impact" and Defendants' claim that it was observable was "factually incorrect." Anderson then argues that "the blind turn around [the] column [was] an attendant circumstance." In the second subsection — which appears to address the third assignment of error — Anderson contends that "Defendants had a duty to preserve [a] video showing the placement of the bucket"; the trial court "should have applied an adverse inference that the missing video was unfavorable to the Defendants"; and "summary judgment [was] inappropriate when a party destroy[ed] the evidence needed to prove the case."

{¶ 16} However, Anderson does not support his conclusions with references to evidence in the record or developed arguments. Anderson's application of legal authority to the underlying case stops with his citation to three cases, which he uses for general propositions of law or to summarily conclude that the trial court erred. Anderson provides no authority to support his specific challenges or refute the authority set forth by Defendants.

{¶ 17} App.R. 16(A)(7) requires appellants to include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." When appellants fail to identify relevant parts of the record or cite any legal authority in support of their claims, this court is allowed to disregard them. *Lewicki v. Grange Ins. Co.*, 2023-Ohio-4544, ¶ 41 (8th Dist.), citing *Pinkney v. Salett*, 2011-Ohio-4121, ¶ 3 (8th Dist.), citing App.R. 12(A)(2); App.R. 16(A)(7); *Siemientkowski v. State Farm Ins.*, 2005-Ohio-4295, ¶ 23 (8th Dist.). Appellate courts are not advocates, and appellants bear the burden of constructing the legal arguments necessary to support their assignments of error. *Id.*, citing *Taylor-Stephens v. Rite Aid of Ohio*, 2018-Ohio-4714, ¶ 121 (8th Dist.), and *Doe v. Cuyahoga Cty. Community College*, 2022-Ohio-527, ¶ 26 (8th Dist.). "'If an argument exists that can support [an] assigned error, it is not this court's duty to root it out.'" *Strauss v. Strauss*, 2011-Ohio-3831, ¶ 72 (8th Dist.), quoting *Cardone v. Cardone*, 1998 Ohio App. LEXIS 2028, *22 (9th Dist. May 6, 1998).

{¶ 18} Moreover, "'pro se litigants are presumed to have knowledge of the law and legal procedures and . . . are held to the same standards as litigants who are represented by counsel.'" *State ex rel. Fuller v. Mengel*, 2003-Ohio-6448, ¶ 10, quoting *Sabouri v. Ohio Dept. of Job & Family Servs.*, 145 Ohio App.3d 651, 654 (10th Dist. 2001). Indeed, "'[p]ro se litigants are not entitled to greater rights, and they must accept the results of their own mistakes.'" *Fazio v. Gruttadauria*, 2008-

Ohio-4586, ¶ 9 (8th Dist.), quoting *Williams v. Lo*, 2008-Ohio-2804, ¶ 18 (10th Dist.).

{¶ 19} The burden rests with Anderson to establish the validity of his assignments of error; yet he provides this court with minimal guidance or support for his position. Therefore, we decline to review Anderson's claims that the trial court erred in granting summary judgment in favor of Defendants.

{¶ 20} However, we note that even if we were to address the merits of Anderson's appeal, we would find that the trial court properly granted Defendants' motions for summary judgment. Defendants satisfied their initial responsibility by informing the trial court of the basis for their motions, identifying portions of the record that demonstrated the absence of a genuine issue of material fact, and pointing to Civ.R. 56(C) evidentiary materials that established that they were entitled to summary judgment. Indeed, our review of those materials reveals the absence of evidence supporting the essential elements of Anderson's negligence claim. Moreover, Anderson's own testimony established that he tripped over an "exposed orange bucket" that was an objectively open and obvious hazard. Anderson failed to satisfy his reciprocal burden, requiring him to set forth specific facts and Civ.R. 56(C) evidence showing that there remained a genuine issue for trial. Consequently, the trial court did not err in determining that no genuine issues of material fact remained and Defendants were entitled to judgment as a matter of law. Accordingly — and in the absence of any authority cited to the contrary — we overrule Anderson's three assignments of error and affirm the trial court's decision.

**{¶ 21}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, A.J., and
MICHAEL JOHN RYAN, J., CONCUR